160 So.2d 11

**Bobby DOUGLAS**

v.

**STATE.**

**1 Div. 960.**

Court of Appeals of Alabama.

Jan. 21, 1964.

Thos. M. Haas, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Roy E. Hicks, Montgomery, for the State.

PRICE, Presiding Judge.

Appellant was charged, tried and convicted in the Circuit Court of Mobile County of the possession of a barbiturate, Seconal, in violation of Section 258(3) of Title 22, Code of Alabama, and sentenced to serve twelve months in the Mobile County Jail.

Appellant was first tried in the Recorder's Court of the City of Mobile on an affidavit charging that he "did possess a barbiturate, Seconal, without having obtained such drug or (sic) the prescription of a Practitioner * * *." He was convicted and appealed to the circuit court, where, by agreement, he was tried on the original affidavit, by the court sitting without a jury.

The evidence for the state tended to show that policemen Walthers and Demouy were checking a place of business on Dauphin Island Parkway, about one-thirty A.M., on September 11, 1962, when they saw an automobile with two men in it traveling South on the parkway. They followed it three or four blocks until it stopped in front of the Carousel Club. The policemen pulled the red light and pulled in front of the car. Walthers went to check the driver and Demouy went to check the passenger. The defendant, Bobby Douglas was the driver. Walthers checked the defendant's drivers' license and then searched the defendant and found in his pocket two bottles of red capsules. Demouy testified he saw the passenger put some red capsules in his mouth.

State's Exhibits "1" and "2," the bottles containing the capsules, were introduced in evidence. They are not before us, but the witness Walthers testified that Exhibit No. 1 bore the "Prescription Number 400036" issued by Dr. Peavy and Exhibit No. 2 bore the "Prescription Number 72365" also by Dr. Peavy, and it was possible that the defendant had said to him when he was arrested that he had gone to Dr. Peavy, a medical doctor, and procured a prescription for the contents of the bottles. Officer Demouy testified he heard the defendant say at the time of the search that he obtained the prescriptions for the capsules from Dr. Peavy in Atmore.

Dr. Nelson Grubbs, a State Toxicologist testified he chemically analyzed one capsule from each bottle and his analysis showed them to be seconal sodium, which is a barbiturate. Dr. Grubbs further testified he noticed the prescription numbers on State's Exhibits 1 and 2; that they are standard prescription numbers; that the prescriptions appear to be issued by Dr. Peavy; that he knows Dr. Peavy; knows that he lives in Atmore and that he is a medical doctor.

Robert Mayo, a detective in the Mobile Police Department, testified that at the police station on the night he was arrested defendant told him he obtained the con-

tents of the bottles with a prescription from Dr. Peavy in Atmore; that he had been over that day to Dr. Peavy and paid him five dollars for three prescriptions, one for 75 pills, one for 50 and one for 30. Defendant said Dr. Peavy was a medical doctor and his name appears on the prescriptions on both bottles of medicine; that he knows the defendant as Bobby Douglas and not Mrs. Bobby Douglas and doesn't know a Mrs. Bobby Douglas.

No evidence was presented in defendant's behalf.

Section 258(3), Title 22, Code, supra, declares unlawful (E) "The possession of a barbiturate by any person, unless such person obtained such drug on the prescription of a practitioner" etc.

The burden rested with the state to show the defendant's guilt beyond a reasonable doubt.

The state's evidence here not only fails to prove that defendant possessed the barbiturate without having obtained the same on the prescription of a practitioner, it shows affirmatively that it was obtained on such prescription. Clearly the evidence does not sustain the conviction.

Our conclusion makes it unnecessary to consider other questions raised on the trial.

Reversed and remanded.